# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL RENE LOPEZ, | Case No. 2:24-cv-00876-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 4, 11, 12] |
| TERESSA IAELA-TOKUGAWA, | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4.

## I.      *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a). Docket No. 4. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket Nos. 4-1, 4-2) on the docket. The Court will now review Plaintiff's complaint.

## II.     Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A.    CLAIMS AGAINST INDIVIDUAL DEFENDANTS

Plaintiff's complaint alleges employment discrimination and he names as Defendants numerous individual persons. *See* Docket No. 4-1 at ¶¶ 5-333. With respect to the federal civil causes of action, these claims are brought pursuant to Title VII and the ADEA. *See id.*[1] Plaintiff cannot state a claim against these individuals because the Ninth Circuit has held that Title VII and the ADEA do not create individual liability. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *see also Lum v. Kauai Cnty. Council*, 358 Fed. Appx. 860, 862 (9th Cir. 2009).

---

[1] The complaint also lists 29 U.S.C. § 218c, *see, e.g.*, Docket No. 4-1 at 6 (heading for count 1), which addresses protections under the Patient Protection and Affordable Care Act, *see, e.g.*, *Banks v. Soc. of St. Vincent De Paul*, 143 F. Supp. 3d 1097, 1103-04 (W.D. Wash. 2015). The Court does not discern allegations in Plaintiff's complaint regarding the Patient Protection and Affordable Care Act.

Accordingly, the Title VII and ADEA claims against these individual Defendants fail as a matter of law.

Plaintiff's complaint also attempts to bring claims against these individual Defendants pursuant to federal <u>criminal</u> statutes: 18 U.S.C. §§ 241, 1341, and 1343. *See, e.g.*, Docket No. 4-1 at ¶¶ 38-49. Federal criminal statutes do not generally create a private, civil right of action. *See Cal. v. Sky Tag, Inc.*, 2011 WL 13223655, at *2 (C.D. Cal. Nov. 29, 2011) (collecting cases); *see also Kent v. Century Manor Trust Ltd.*, 2019 WL 5596481, at *4 (E.D. Cal. Oct. 30, 2019) ("Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit"), *adopted* 2020 WL 704614 (E.D. Cal. Feb. 12, 2020). Courts have specifically concluded that the criminal statutes that Plaintiff's complaint cites do not create private, civil rights of action. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (§ 241); *Ross v. Orange Cnty. Bar Ass'n*, 369 Fed. Appx. 868, 869 (9th Cir. 2010) (§ 1341); *Cobb v. Brede*, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) (§ 1343). Accordingly, these claims against these individual Defendants fail as a matter of law.

Plaintiff's complaint identifies a host of state law statutory provisions, a state law administrative code, and state common law causes of action regarding these individual Defendants. The Court declines to address these state law claims. Plaintiff's complaint alleges federal question subject matter jurisdiction. *See* Docket No. 4-1 at ¶¶ 2-3.[2] For the reasons discussed above, however, Plaintiff's complaint has failed to state a claim for relief on any federal cause of action. As such, it is not clear that the Court would exercise jurisdiction over the state law claims in this case. *See* 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). As such, the Court declines to screen Plaintiff's state law claims at this time.

---

[2] The complaint also appears to invoke diversity jurisdiction predicated on Plaintiff's assertion that <u>one</u> of the defendants has a different state citizenship than Plaintiff. *See* Docket No. 4-1 at ¶ 2. Diversity jurisdiction requires that the plaintiff have a different state citizenship than <u>all</u> of the defendants (*i.e.*, "complete diversity"). *See, e.g.*, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). The complaint does not make such a showing and, instead, alleges the opposite. *See* Docket No. 4-1 at ¶ 2 (alleging that all of the other defendants reside in Clark County, Nevada). Hence, the Court treats the complaint as invoking federal question jurisdiction.

B.     CLAIMS AGAINST ENTITIES

The last page of Plaintiff's complaint identifies three entity-Defendants: Worldwide Flight Services, Allegiant Airlines, and IAEW – Transport Worker Union. Docket No. 4-1 at ¶¶ 334-342. The complaint does not identify particular causes of action against these entity-Defendants and does not provide factual allegations from which to glean the basis for any claims against these entity-Defendants. *See id.* Instead, the complaint indicates that these entity-Defendants are liable under a theory of respondeat superior and then indicates that "Plaintiff is open to a [t]rial by [j]ury if these facts need further clarification." *See id.*

Litigants are required to provide a short, plain statement of their claims, *see* Fed. R. Civ. P. 8(a), including setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with that dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

The complaint falls short of meeting this standard as to the entity-Defendants. Indeed, the complaint appears to take the approach that the factual basis for any claim will be provided later, but a plaintiff cannot proceed past the pleadings without first identifying the factual allegations from which a claim is stated. *See, e.g.*, *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it" (emphasis in original)). Because the claims against the entity-Defendants do not comply with the dictates of Rule 8, they are subject to dismissal.[3]

---

[3] The Court notes that there might be significant hurdles to Plaintiff moving forward with employment claims against the entity-Defendants, including that a plaintiff is required to administratively exhaust such claims. *See, e.g.*, *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). At this stage, however, the Court does not screen the complaint for such issues because Plaintiff has not complied with Rule 8.

C.     LEAVE TO AMEND

Having determined that Plaintiff's complaint fails to state a colorable federal claim for relief, the Court must decide whether to afford Plaintiff leave to amend. A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies can not be cured by amendment. *Cato*, 70 F.3d at 1106. It is not clear that Plaintiff can state any federal cause of action through amendment, but the Court will nonetheless allow Plaintiff the opportunity to do so if he believes he can.

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 4) is **GRANTED**. Plaintiff is not required to pay the filing fee of four hundred two dollars ($402). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket Nos. 4-1, 4-2) on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 11, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

5

4. Because Plaintiff has not stated a claim over which this Court would exercise jurisdiction, his motions for issuance of summonses (Docket No. 12) and for service (Docket No. 11) are **DENIED** as premature.

IT IS SO ORDERED.

Dated: August 22, 2024

                                                                                   Nancy J. Koppe
                                                                                   United States Magistrate Judge