# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMUEL RENE LOPEZ,

    Plaintiff(s),

v.

TERESSA IAELA-TOKUGAWA, et al.,

    Defendant(s).

Case No. 2:24-cv-00876-APG-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. On August 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Docket No. 17. The Court concluded that the complaint did not state a federal claim against the three entity Defendants (Worldwide Flight Services, Allegiant Airlines, and IAEW – Transport Worker Union) because it failed to provide a short, plain statement as required by Rule 8 of the Federal Rules of Civil Procedure. Docket No. 17 at 4. The Court also concluded that a federal claim could not be stated against the individual Defendants and, further, that the state law claims would not be screened since it was unclear that federal question subject matter jurisdiction exists. *See id.* at 2-3. Although the Court noted potentially significant hurdles to advancing with the claims in the case, *see, e.g.*, *id.* at 4 n.3 (addressing requirement for exhaustion), the Court allowed leave to amend if Plaintiff believed the deficiencies could be cured, *see id.* at 5. Plaintiff has filed an amended complaint, Docket No. 23, which the Court screens below.

**I.      STANDARDS**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When

a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Litigants are required to provide a short, plain statement of their claims, *see* Fed. R. Civ. P. 8(a), including setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with that dictates of Rule 8(a), courts may dismiss the complaint *sua sponte. See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

## II.     ANALYSIS

Because the amended complaint disclaims any attempt to bring a federal cause of action against the individual Defendants, *see* Docket No. 23 at ¶ 347, the Court begins with an analysis of the causes of action against the entity Defendants. Although not entirely clear, it appears that Plaintiff is seeking to sue the entity Defendants pursuant to Title VII and the Age Discrimination in Employment Act. *See, e.g.*, Docket No. 23 at ¶ 335. The amended complaint attempts to state these claims by referencing "respondeat superior" and essentially incorporating by reference hundreds of paragraphs regarding alleged state law violations by various individuals. *See, e.g.*, *id.* at ¶¶ 333-36. The amended complaint also relies on more than a hundred pages of exhibits. *See* Docket No. 23-1.

The amended complaint fails to state a claim adequately against the entity Defendants for several reasons. First, as already indicated in the prior screening order, Plaintiff must provide a short, plain statement of his claims against each of these entities. *McHenry*, 84 F.3d at 1178. Asking the Court to comb through hundreds of paragraphs of allegations and more than a hundred pages of exhibits in an effort to piece together a claim complies with neither the requirement to be short nor the requirement to be plain. *See, e.g.*, *Burrell v. Pacifica Solevita, LLC*, 2018 WL 3620483, at *3 (D. Nev. July 27, 2018) (explaining that Rule 8 requires pleadings be stated with "brevity, conciseness, and clarity"); *see also United States ex rel. Garst v. Lockheed-Martin*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). Second, as already noted in the prior screening order, Plaintiff must allege that he exhausted his administrative remedies prior to bringing a Title VII or ADEA employment claim. *See, e.g.*, *You v. Longs Drugs Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248-49 (D. Haw. 2013). Plaintiff must attach to his complaint the right to sue letter issued in relation to those administrative proceedings. *See, e.g.*, *Delaney v. Lynwood Unified School Dist.*, 2008 WL 11338726, at *3 (C.D. Cal. Apr. 7, 2008). The amended complaint does not appear to allege exhaustion or attach any right to sue letter. Third, it appears that Plaintiff is suing three differently situated entities: (1) his employer, (2) the company for which his employer provides contractor-based work, and (3) his union. *See,*

3

*e.g.*, Docket No. 23 at ¶¶ 1, 268. "Under Title VII, an entity can be held liable for discrimination if it is an 'employer' of the plaintiff." *U.S. E.E.O.C. v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019) (citing 42 U.S.C. § 2000e-2(a)); *see also Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002) (addressing ADEA). While it appears one of the entity Defendants was allegedly Plaintiff's employer, the amended complaint fails to allege how these federal statutes apply to the other entity Defendants. Given each of these deficiencies, the amended complaint cannot survive screening and is subject to dismissal.[1]

The Court will allow one final opportunity to amend the complaint if Plaintiff believes the above deficiencies can be cured.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 21, 2025**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes an earlier complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files a second amended complaint, the earlier complaints no longer serve any function in the case. Therefore, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: January 22, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court will once again not weigh in on the state law issues raised in the amended complaint given the failure to plead a federal cause of action. *See* Docket No. 17 at 3; *see also* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).